**IN THE COURT OF APPEALS OF IOWA**

No. 18-2136
Filed March 6, 2019

**IN THE INTEREST OF J.K.,**
**Minor Child,**

**M.K., Mother,**
    Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof,

District Associate Judge.


        The mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


        Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State

        Cynthia Taylor of Zamora, Taylor, Woods & Frederick, Davenport, guardian

ad litem for minor child.


        Considered by Vogel, C.J., Vaitheswaran, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

The mother appeals the termination of her parental rights to J.K., born in March 2017. She argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(h) (2018) and termination is not in the best interests of the child. Because the mother cannot sustain sobriety, we find grounds for termination exist and termination is in the best interests of the child.

## I. Background Facts and Proceedings

The Iowa Department of Human Services (DHS) became involved with this family in March 2017, when the mother gave birth to J.K. while incarcerated. Three days after his birth, J.K. was placed in foster care, where he has remained. The mother has a history of substance abuse, and her parental rights for two other children were terminated in 2015 due in part to drug use. After her release from prison in May 2017, the mother maintained sobriety for less than six months. In October, the mother relapsed and tested positive for cocaine. Throughout the next year, the mother failed to remain sober.

The State filed a petition to terminate parental rights in May 2018. In June, a hair-stat test was positive for methamphetamine and cocaine, and a urinalysis was positive for cocaine metabolites, amphetamines, and marijuana metabolites. In August, the mother's urinalysis was positive for cocaine metabolites. On November 28, the district court found the State had proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(d), (g), and (h). The mother appeals.

## II. Standard of Review

Our review of termination-of-parental-rights proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2002).

## III. Grounds for Termination

The mother argues the district court erred in finding the State proved by clear and convincing evidence that her parental rights should be terminated under Iowa Code section 232.116(1)(h). However, the district court also found grounds for termination exist under Iowa Code section 232.116(1)(d) and (g). Since the mother fails to argue these grounds, she has waived any right to appeal those issues. *See C.B.*, 611 N.W.2d at 492 ("We have long recognized an appellant must identify alleged error on appeal."). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Thus, we agree with the district court that grounds for termination exist.

## IV. Best Interests of the Child

The mother also asserts termination is not in the best interests of the child. She first argues termination is not in the best interests of the child due to the bond between the mother and child. However, this argument is misplaced because such

consideration falls under Iowa Code section 232.116(3) as to why termination should not occur, not under the best-interests determination under Iowa Code section 232.116(2).[1]  Next, the mother asserts she has made "significant progress since release from prison including establishing housing, maintaining employment and developing a bond with J.K."  The mother has a history of substance abuse and her parental rights were terminated for two other children in 2015 because of her addiction.  In the termination order, the district court stated,

> While [the mother] showed a great effort to meet the case plan goals, her addiction continues to overwhelm her life and prevents her from being the parent she could be.  Despite over a year of services to correct the adjudicatory harm, and a previous attempt in 2015, the circumstances that led to adjudication continue to exist.

We agree with the district court that termination is in the child's best interests because the mother cannot sustain sobriety.  *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., specially concurring) (noting the child's safety and need for a permanent home are the "defining elements" when determining the best interests of the child).

---

[1] Even if the mother had properly raised this issue under Iowa Code section 232.116(3), we find nothing in the record precludes termination.  Once the State has proved grounds for termination exist, the parent resisting termination bears the burden of proof to establish a permissive factor precludes termination under Iowa Code section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).  "A strong bond between parent and child is a special circumstance which mitigates against termination when the statutory grounds have been satisfied."  *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(3)(c).  However, this "is not an overriding consideration, but merely a factor to consider." *N.F.*, 579 N.W.2d at 341.  J.K. has been removed from his mother's custody since he was three days old, and he has been doing well in foster care since the removal.  Therefore, we find termination would not be precluded if this issue had been properly raised.

## V. Conclusion

We find the State proved by clear and convincing evidence the grounds for termination and termination is in the best interests of the child.

**AFFIRMED.**